UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES ANTHONY LYONS** | : | **DOCKET NO. 2:22-cv-05245** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **CALCASIEU CORRECTIONAL CENTER, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the Court is a civil rights complaint (doc. 6), filed pursuant to 42 U.S.C. § 1983, by plaintiff James Anthony Lyons, who is proceeding pro se and *in forma pauperis* in this matter. Plaintiff is no longer incarcerated, but his claims arise out of incidents that allegedly occurred while he was an inmate at the Calcasieu Correctional Center (CCC). This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the reasons stated below, **IT IS RECOMMENDED** that the suit be **DISMISSED WITH PREJUDICE**.

I.
BACKGROUND

Plaintiff's complaint makes allegations of civil rights violations related to his September 12, 2018, arrest in Calcasieu Parish and the disposition of the charges that arose out of that arrest. Doc. 6, p. 3. He also complains of an incident that occurred on November 27, 2018, whereby he alleges he was "beat up by the police and denied medical care" while incarcerated at the CCC. *Id*.

Finally, he brings claims related to a previous suit in this Court that was stricken due to his failure to submit a signed certificate regarding his prison account. See *Lyons v. Calcasieu Parish*

*Correctional Center, et al*, Docket No. 2:22-cv-1923, doc. 10. Lyons contends that the guard or the account manager would not sign the required forms and due to their actions, his suit was dismissed, in violation of his civil rights. Doc. 6, p. 3.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Lyons has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Application

#### i. Limitations

Plaintiff complains of an arrest that took place in September 2018 and an incident at the CCC that took place in November 2018.

There is no federal statute of limitations for actions brought pursuant to §1983. Federal courts presiding over §1983 claims must borrow the statute of limitations provisions of the state in which the federal court sits. *See Owens v. Okure*, 109 S. Ct. 573, 574 (1989); *see also Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989). Plaintiff's §1983 claim is therefore governed by Louisiana's statute of limitations provisions, which is one year. *See Elzy*, 868 F.2d at 794. This prescriptive period "commences to run from the day injury or damage is sustained." La.Civ.Code 3492.

"Although state law controls the statute of limitations for §1983 claims, federal law determines when a cause of action accrues." *Rodriguez*, 963 F.2d at 803 (citing *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991)). Under the federal standard, a cause of action accrues when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id*. (citing *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987)).

Plaintiff had one year from that date of these incidents within which to raise his claims. He did not file the present suit until almost four years later, after the limitations period had passed. Therefore, the claims related to these incidents are prescribed.

### *ii. Access to Court*

Plaintiff's last allegation is a claim of denial of access to the courts.

In *Bounds v. Smith*, 97 S.Ct. 1491, 1495 (1977), the Supreme Court held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. See also *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), cert. denied, 118 S. Ct. 559 (1997). A prisoner's right of access is not unlimited, however. "It encompasses only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'" *Id.* at 310-311 (quoting *Lewis v. Casey*,116 S.Ct. 2174, 2182 606 (1996)). In *Lewis*, the Supreme Court explained that before an inmate may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that the suffered "actual injury"--i.e. that the denial of access "hindered his efforts to pursue a legal claim." 116 S.Ct. at 2180. See also *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.1998).

Plaintiff's claim arises out of the dismissal of a previous suit filed in this Court in June 2022, alleging the same constitutional violations alleged in the present matter, which occurred in 2018. For the same reasons discussed above, by the time that suit was filed, any claims arising out of the 2018 incidents were prescribed. Accordingly, plaintiff was not pursuing a viable constitutional claim and, as such, plaintiff cannot prevail on this claim.

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that the instant suit be **DISMISSED WITH PREJUDICE** as frivolous.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed

factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 1st day of February, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE